UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

DANIEL M. SCHAEFER, JR., et al.,       )
                                       )
              Plaintiffs,              )
                                       )
      v.                               )   No. 2:10-CV-46-AGF
                                       )
JEREMIAH "JAY" NIXON, et al.,          )
                                       )
              Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court upon the applications of Daniel M. Schaefer, Jr. (registration no. 1126521), Steven D. Turner (registration no. unknown), and Jack Pepperdine (registration no. 534250) for leave to commence this action without payment of the required filing fee.

At the outset, the Court notes that only Daniel Schaefer, Jr. has signed the complaint, and only Schaefer and Pepperdine have submitted certified inmate account statements. In light of these circumstances, as well as the fact that this action will be dismissed as legally frivolous, the Court will strike Jack Pepperdine and Steven Turner as party-plaintiffs to this action and will consider Daniel M. Schaefer, Jr. to be the sole plaintiff.[1]

---

[1] Because the Court is striking Jack Pepperdine and Steven Turner as party-plaintiffs, plaintiff's motions to dismiss Pepperdine and Turner [Docs. #8 and #10] will be denied as moot.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $32.83 and an average monthly account balance of $8.22. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess

an initial partial filing fee of $2.86, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint

3

"to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The complaint**

Plaintiff, an inmate at the Moberly Correctional Center ("MCC"), seeks injunctive relief in this 42 U.S.C. § 1983 action against defendants Jeremiah "Jay" Nixon (Governor), Chris Koster (Attorney General), George A. Lombardi (Director, Missouri Department of Corrections), Dean Minor (Warden, MCC), Gail Vasterling (General Counsel, Missouri Department of Corrections), Sherri Blattle (Assistant Warden, MCC), Teresa Thornburg (Deputy Warden, MCC), Jennifer P. Cook (Librarian, MCC), Chrystal Schmitz ("MO CTA"), and Tom Clements (Director of Adult Institutions). Plaintiff alleges that, as of August 1, 2010, defendants removed all typewriters and "Library Clerks" from the MCC law library. Plaintiff claims that this action violates his constitutional right of access to the courts.

In addition, plaintiff has filed a separate motion for temporary restraining order [Doc. #4], arguing that a restraining order is necessary to "preserve constitutional rights," because the

average MCC inmate lacks a high school diploma or GED, and some inmates are illiterate.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous and fails to state an access-to-the-courts claim. Plaintiff does not allege that he suffered actual prejudice to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996)(right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated); see also Cornman v. Armontrout, 959 F.2d 727, 730 (8th Cir. 1992)(inmates have no constitutional right to effective assistance of inmate law clerk); Johnson v. Poulin, 2008 WL 1848658 at *7 (D.N.H. 2008)(prisoners have no freestanding constitutional right to legal assistants trained in the law); Williams v. Farwell, 2008 WL 686263 at *2 (D.Nev. 2008)(prisoners have no constitutional right to be provided competent prison law clerks). Moreover, plaintiff lacks standing to bring claims on behalf of the allegedly illiterate and unschooled inmates at MCC. Because plaintiff's access-to-the-court claims are legally frivolous, the Court will deny his motion for a temporary restraining order.[2]

---

[2] A temporary restraining order is an extraordinary remedy which may be granted only if the moving party can demonstrate the following: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. Dataphase

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Steven D. Turner and Jack Pepperdine are **STRICKEN** as party-plaintiffs in this action.

**IT IS FURTHER ORDERED** that plaintiff Daniel M. Schaefer, Jr.'s motion for leave to submit his inmate account statement [Doc. #12] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $2.86 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order [Doc. #4] is **DENIED.**

---

Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). Because plaintiff's claims are legally frivolous, he cannot demonstrate a likelihood of success on the merits.

**IT IS FURTHER ORDERED** that Steven Turner's motion for leave to proceed in forma pauperis [Doc. #3], Jack Pepperdine's motion for temporary restraining order [Doc. #6], plaintiff Daniel Schaefer Jr.'s motion to dismiss Jack Pepperdine [Doc. #8], plaintiff Schaefer's motion to submit evidence [Doc. #9], plaintiff Schaefer's motion to remove Steven Turner [Doc. #10], Jack Pepperdine's motion to allow him to go to the prison canteen [Doc. #13] and his motion withdrawing said request [Doc. #15], and Jack Pepperdine's motion for leave to proceed in forma pauperis [Doc. #14] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of September, 2010.

*Audrey G. Fleissig*
**UNITED STATES DISTRICT JUDGE**